Opinion of the court, by
Judge Lane:
It is evident that the expenses of government should be borne by individuals in proportion to their respective abilities, or in other words, in proportion to the revenue which they enjoy under the protection of the state. In some countries, however, either from ignorance, from a want of financial skill, or from a disregard to any considerations, except the faculty of levying revenue, taxes have been imposed numerically upon citizens, without any reference to their capacity of sustaining the burden. These are poll or capitation taxes; and the convention deemed their operation so inequitable that they have forbidden the legislature to adopt, them for state or county purposes.
*17 1. Does the tax imposed upon those who exercise the professions of law and medicine possess the character of a ^capitation tax? This question has been heretofore presented to this court. 2 Ohio, 63. But as no argument was presented, this court are invited to review the opinion they then expressed, that it does not possess that character. This, court, after reconsideration, see no reason to change their conclusion. The tax is not levied upon the person without relation to his abilities to pay, but it is designed to operate upon the profits of lucrative professions,- and the amount of the tax is fixed with reference to the amount of the-profits.
2. It is said a license to practice is a contract, and that a tax upon such as are licensed, is a violation of the contract. We can not consider the license in this light. Although the effect of the license gives to the members of these professions something of an-exclusive character, and incidentally confers valuable privileges, yet the design of the license is to protect the community from the-consequences of a want of professional qualifications, and to benefit' the public by enabling the profession to acquire professional merits; consequently the license can not be holden to confer any vested privileges, but is liable to be modified in any manner which the public welfare may demand.
.3. The manner of assessing the tax does not, in our opinion, render it illegal. If the common pleas had declined the assessment as a service beyond their judicial duties, as the judges of the judicial courts declined acting under the act conferring pensions, it would be a grave question whether the duty could have been executed. But the judges have assessed the tax, and a privilege-which they do not claim, can not avail the defendant.
It is said that the law is inconsistent with the nature of our government and constitution. The court can not very well understand the precise nature of the objection, but believe it is more properly addressed to the other departments of government. If the expediency of the law were properly before us, we should know no reason why the profits which arise in the exercise of lucrative professions, are not only legitimate objects of taxation, but objects peculiarly proper to sustain a due share of the ex-' penses of government.